# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 24-22172-Civ-BECERRA/TORRES

AMERICA M. ARMAS,

    *Plaintiff,*

v.

ROSS DRESS FOR LESS, INC.,

    *Defendant.*

_____/

### ORDER ON DEFENDANT'S MOTION TO DISMISS FOR FRAUD

This cause comes before the Court on Defendant, Ross Dress For Less, Inc.'s ("Ross") Motion to Dismiss this case for Plaintiff's alleged fraud on the Court. [D.E. 30]. Ms. Armas responded to the Motion, to which Ross replied. The Court also held an evidentiary hearing on the Motion. The Motion, therefore, is ripe for disposition.[1] After careful review of the briefing and relevant authorities, and after hearing evidence and argument from both parties at the hearing, Defendant's Motion is **DENIED** to the extent that it seeks dispositive relief, but is **GRANTED** to the extent that it seeks lesser Rule 37 sanctions.

---

[1] On April 4, 2024, the Honorable Jacqueline Becerra referred this Motion to the Undersigned Magistrate Judge for disposition. [D.E. 31].

1

## I.   BACKGROUND

This case arises out of Ms. Armas allegedly slipping and falling at a Ross and incurring injuries. But to an extent, those injuries, contends Ross, were pre-existing. That is because in 2007 and 2021, Ms. Armas was involved in car accidents that she failed to disclose in her interrogatory responses or her responses to Ross's requests for admissions. After the 2021 accident, Ms. Armas received an MRI at the suggestion of her place of work (Coral Reef Medical Group). That MRI, according to Ms. Armas, did not reveal a notable injury and did not cause Ms. Armas to seek treatment. But Ross is concerned that, because this accident was not disclosed until Ms. Armas's deposition; because Ms. Armas cannot recall much about the events following the accident; and because Ms. Armas may have received treatment for which no records were kept (because the treatment may have occurred at her place of employment), Ms. Armas is perpetrating fraud upon Ross and the Court.

## II.   ANALYSIS

As the Court found at the evidentiary hearing held May 15, 2025, Ms. Armas violated Rule 37 by not timely disclosing the fact that she had been examined for possible injuries arising from a car accident in 2021. She now concedes that, at least in response to Ross's interrogatories asking for that information, her failure to reveal that event and an injury to her knee constituted a discovery violation. Further, Ms. Armas did not disclose when asked for the names of other medical providers she

consulted with in the preceding ten years. One such provider examined her for the 2021 accident, which included MRI scans for her knee and back.

Based on these non-disclosures, Ross seeks case-ending sanctions. In Ross's view, Plaintiff perpetrated a fraudulent scheme upon the Court (i.e., lied about a prior accident, failed to disclose any treatment, and potentially procured treatment from her place of work with no record keeping), and did so in bad faith. Consequently, Ross relies on this Court's inherent powers and/or Rule 37 to dismiss the case.

"Before the ultimate sanction of default judgment may be entered, this Court must make the following findings: (1) that Defendant acted willfully or in bad faith; (2) that Plaintiff was prejudiced by Defendant's conduct; and (3) that lesser sanctions would not serve the punishment-and-deterrence goals set forth in *National Hockey League*[2] and its progeny." *Telectron, Inc. v. Overhead Door Corp.*, 116 F.R.D. 107, 131 (S.D. Fla. 1987). Further, "[t]he decision to dismiss a claim or enter default judgment 'ought to be a last resort ....'" *United States v. Certain Real Prop. Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1317 (11th Cir. 1997) (quoting *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir. 1986)).

We find that entry of a default judgment is too drastic and disproportionate to Ms. Armas's discovery violations. To be clear, we agree with Ross (as did Ms. Armas's

---

[2] *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (affirming a district court's dismissal of an action under Rule 37 because dismissal served "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent").

counsel at the parties' evidentiary hearing) that Ms. Armas's discovery responses were inadequate in that they fail to disclose the 2021 or 2007 car accidents. But we do not find any clear and convincing evidence of bad faith.

As Ms. Armas proffered at the hearing, she did not think to include the 2021 accident because she did not, in her view, sustain any notable injuries. Rather, she got an MRI, and followed that up with basic anti-inflammatory medicines such as ibuprofen. While this does not excuse Ms. Armas's incorrect discovery responses, it does undermine any finding of bad faith; it provides a credible explanation for why Ms. Armas provided incomplete discovery responses.

This is especially true where Ross did not provide any contrary evidence of bad faith.  For instance, Ross did not show that Ms. Armas *did* in fact receive notable treatment after her 2021 car incident and that her injuries were actually worse than she represented.  Despite now having access to her insurance claim records, as well as prescription records during the relevant time, Ross has not presented evidence to show that she in fact received substantial medical treatment back in 2021.

Short of a finding of bad faith, the Court cannot reasonably exercise its discretion to invoke the draconian sanction of dismissing the case. Accordingly, Ross's Motion is denied to the extent that it seeks dispositive relief. *See Cox v. Am. Cast Iron Pipe Co.,* 784 F.2d 1546, 1556 (11th Cir. 1986) ("The decision to dismiss a claim, like the decision to enter a default judgment, ought to be a last resort—ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders."); *Action Nissan, Inc., v. Hyundai Motor American Corporation*, No. 6:21-CV-

4

2152-WWB-EJK, 2024 WL 4288047, at *5 (M.D. Fla. Sept. 25, 2024) ("Universal contends that a default judgment is warranted due to HMA's 'numerous contradictory responses to written discovery,' failures to timely supplement discovery, and contradictions between HMA's discovery responses and testimony by HMA's witnesses. This purported misconduct falls well short of bad faith. … This is also true with respect to purported contradictions between HMA's discovery responses and the testimony of several HMA witnesses. Even accepting Universal's contention that these contradictions exist, Universal has made no argument that HMA has acted in bad faith or willfully disobeyed an order of this Court."); *Deforest v. Johnny Chisholm Glob. Events, LLC*, No. 3:08CV498MCREMT, 2010 WL 1792094, at *9 (N.D. Fla. May 4, 2010), *report and recommendation adopted*, No. 3:08CV498/MCR/EMT, 2010 WL 2278356 (N.D. Fla. June 4, 2010) (denying motion for default judgment because "[i]n this court's view, the cited testimony does not establish, with evidence sufficient to satisfy this fairly demanding evidentiary standard, that Chisholm in fact acted in bad faith rather than negligently"); *Hughes v. Matchless Metal Polish Co.*, No. 2:04-CV-485-FTM-29DN, 2007 WL 2774214, at *5 (M.D. Fla. Sept. 24, 2007) (denying motion for default judgment where, although it was clear that the plaintiff's discovery responses contained "clear omissions" and certain testimony had been argued as false, "factual inconsistencies or even false statements are well managed through the use of impeachment at trial or other traditional discovery sanctions, not through dismissal of a" case); *DeepGulf Inc. v. Moszkowski*, 333 F.R.D. 249, 254 (N.D. Fla. 2019) (denying motion for default judgment based on alleged discovery misconduct

5

where the movant did not satisfy its "substantial burden" of establish a "clear record of delay, bad faith, or willful contempt" because no persuasive evidence was presented to that effect).

While dispositive relief is not appropriate, attorneys' fees under Rule 37 are in order. Indeed, Ms. Armas plainly provided "evasive or incomplete disclosure[s], answer[s], or response[s]." Fed. R. Civ. P. 37(4). So while the record does not reflect bad faith, it does reflect a failure to completely respond to discovery with truthful information in her possession, custody and control. This cannot go without consequence, especially where those shortcomings required Ross to uncover Ms. Armas's medical history at Ross's own time and expense, and necessitated the pending Motion/evidentiary hearing. Accordingly, Ross is entitled to pursue its attorneys' fees in connection with this Motion and the discovery events necessitating this Motion. The amount of such fees will be determined at a later date following Ross's Rule 7.3 submission, which may be filed no later than 30 days after final dismissal or judgment.

### III.   CONCLUSION

For the reasons set forth above, Defendant's Motion [D.E. 30] is **DENIED** to the extent that it seeks dispositive relief. Defendant, however, is entitled to pursue its attorneys' fees incurred in connection with this Motion and the discovery events necessitating this Motion.

**DONE and ORDERED** in Chambers at Miami, Florida this 16th day of May, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge